Bryan Keith BURNS, Plaintiff,

v.

C/O GLICK, C/O Menamano, and C/O Peck, Defendants.

No. 94–CV–2199.

United States District Court, E.D. Pennsylvania.

Nov. 2, 1994.

Bryan K. Burns, plaintiff pro se.

Robert M. DiOrio, DiOrio & Falzone, Media, PA, for defendants.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

This matter has been brought before the Court by motion of the defendants, correctional officers in Pennsylvania's prison system, who are seeking an order dismissing this civil rights lawsuit pursuant to Fed. R.Civ.P. 41(b). For the reasons that follow, the defendants' motion will be granted.

### I. BACKGROUND

The pro se plaintiff in this case is Bryan Keith Burns, a former inmate at the county prison in Delaware County, Pennsylvania. On April 14, Mr. Burns filed a complaint under 42 U.S.C. § 1983, alleging that he was maltreated by the defendants while he was incarcerated. On that same day, Mr. Burns was granted leave to proceed in forma pauperis. The order explained that the parties were to inform the clerk's office of any change of address, and warned that failure to notify could affect a litigant's legal rights. Mr. Burns filed a notice of a change of address on May 23. This Court issued a scheduling order on June 3, 1994, which stipulated that discovery was to close on September 7. On August 21, the defendants sent a notice of deposition to Mr. Burns at his new address; the notice was returned because Mr. Burns had moved and left no forwarding address.

In an effort to locate Mr. Burns and proceed with discovery, the defendants moved for an extension of time in which to complete discovery. This Court granted the defendants' motion on September 20 and set a new discovery deadline of October 7. The defendants continued in their efforts to locate Mr. Burns, but they had no success. Consequently, on October 4, 1994, the defendants filed this motion seeking dismissal of the case. Finally, on October 25, 1994, Mr. Burns notified the Court of his latest address and explained his absence by stating that he spent the summer working in Ocean City, New Jersey.

### II. DISCUSSION

#### A. Standards Governing a Rule 41(b) Motion

Pursuant to Rule 41(b), a district court is authorized to dismiss an action when the plaintiff fails "to prosecute or to comply with these rules or any order of court." Fed. R.Civ.P. 41(b). The decision to dismiss a case pursuant to Rule 41 lies within the discretion of the district court. *Dunbar v. Triangle Lumber & Supply Co.*, 816 F.2d 126, 128 (3d Cir.1987); *Curtis T. Bedwell & Sons, Inc. v. International Fidelity Ins. Co.*, 843 F.2d 683, 691 (3d Cir.1988) (citing *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642, 96 S.Ct. 2778, 2780, 49 L.Ed.2d 747 (1976)). Further, the United States Court of Appeals for the Third Circuit has stated that dismissal with prejudice is an extreme sanction that should only be invoked in "cases where there is a clear record of delay or contumacious conduct by the plaintiff." *Donnelly v. Johns–Manville Sales Corp.*, 677 F.2d 339, 342 (3d Cir.1982). The sanction not only serves to punish parties who fail to comply with orders

of the district court, therefore, but also "to deter future abuses." *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir.1988) (citations omitted), *cert. denied*, 488 U.S. 1005, 109 S.Ct. 786, 102 L.Ed.2d 777 (1989).

In *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir.1984), the Third Circuit listed a number of factors that a district court should employ to guide the exercise of its discretion. These include (1) the extent to which the party is personally responsible, (2) the prejudice to the opposing party that results from the delay, (3) any history of dilatoriness, (4) the extent to which the party acts willfully or in bad faith, (5) the possible effectiveness of alternative sanctions, and (6) the meritoriousness of the claim. *Id.* at 868. In applying the *Poulis* analysis, this Court recognizes that "[n]ot all of these factors need be met for a district court to find dismissal is warranted." *Feeney*, 850 F.2d at 156.

**B.** *Analysis and Conclusion*

■■■■ Turning to the matter at hand, this Court finds that an analysis of the *Poulis* factors warrants a finding that the action should be dismissed. First, it is clear that Mr. Burns, as a pro se plaintiff, is directly responsible for his failure to prosecute this action. Mr. Burns cannot argue, as did the plaintiffs in *Poulis*, that the delay was caused by the plaintiffs' attorney. In this case, it was incumbent upon Mr. Burns personally to ensure that the litigation proceeded in accordance with the scheduling order. *See Richardson v. Cox*, No. 91–7830, 1993 WL 481723, *2 1993 U.S.Dist. LEXIS 16492, at *7 (E.D.Pa. November 17, 1993) ("[A] plaintiff must bear the responsibility of pursuing his claim and at a minimum he must be willing to participate in the discovery process."). Instead, Mr. Burns filed his complaint and then disappeared for the summer season without notifying either the defendants or this Court as to his whereabouts. In *Schapiro v. Pennsylvania*, No. 93–6175, 1994 WL 46527, 1994 U.S.Dist. LEXIS 1584 (E.D.Pa. Feb. 15, 1994), the court dismissed an action filed by a pro se plaintiff after he had failed to appear at a deposition and other pre-trial proceedings. The court did not deem worthy the

plaintiff's excuse that an arrest warrant had been issued against him in Pennsylvania. *Id.* 1994 WL 46527, at *10. Similarly, this Court will not countenance the plaintiff's failure to proceed because he spent the summer working on the Jersey shore.

Moreover, this Court finds that Mr. Burns has willfully disregarded an order of the Court. Mr. Burns was well aware of his obligation to keep the Court informed as to his current address. Indeed, Mr. Burns filed a change of address notice with the Court on May 23. Despite this awareness of his obligation, Mr. Burns was unreachable for a period exceeding five months, the period of time in which discovery was to occur. In *Richardson*, Judge Reed was presented with a pro se plaintiff who failed to respond to discovery requests and failed to notify the Court as to his current address. In dismissing the action pursuant to Rule 41(b), the court noted that " '[w]hile pro se litigants in general deserve more lenient treatment than those represented by counsel, all litigants, including pro ses, have an obligation to comply with Court orders. When they flout that obligation, they, like all litigants, must suffer the consequences of their actions.' " *Id.* 1993 WL 481723, at *6 (quoting *McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 124 (2d Cir.1988)). Here, Mr. Burns's willful disregard of a court order warrants dismissal.

Finally, dismissal appears to be the only appropriate sanction under these circumstances. First, since the plaintiff was permitted to proceed in forma pauperis, it is unlikely that he could pay any costs or fees assessed against him. Other possible sanctions, such as the exclusion of deposition testimony, would most likely work to the defendants' detriment. Accordingly, dismissal is the only available sanction. Since the Court has concluded that Mr. Burns has willfully disregarded a court order and has failed to prosecute his claim, and that dismissal is the only appropriate sanction under the circumstances, this action will be dismissed with prejudice.