941 F.Supp. 883 (1996)
Cody MOYERS, By and Through his Next Friend, Larry D. MOYERS, Plaintiffs,
v.
FORD MOTOR COMPANY, Defendant.
No. 4:95CV02266 GFG.
United States District Court, E.D. Missouri, Eastern Division.
October 18, 1996.
*884 Jeffrey S. Maguire, Thomasson and Dickerson, Cape Girardeau, MO, for plaintiffs.
Robert T. Adams, Shana J. Long, Shook and Hardy, Kansas City, MO, for defendant.

MEMORANDUM AND ORDER
GUNN, District Judge.
This matter is before the Court on defendant's motion for summary judgement. Larry D. Moyers brought this products liability action on October 25, 1995, in Missouri state court on behalf of his minor son, Cody Moyers. Cody was allegedly injured in an automobile collision while a front-seat passenger in an automobile manufactured by defendant Ford Motor Company. The complaint asserts that the injuries were a result of a defective seat belt. Ford removed the case to this Court based on diversity of citizenship, 28 U.S.C. § 1332.
The following facts are not disputed. On October 12, 1994, Cody, a nine year old boy who is deaf, was a passenger in the family-owned 1990 Ford Festiva. When the driver, Cody's mother, hit the back end of a truck after braking, Cody struck the dashboard fracturing his jaw and some front teeth, and cutting his lip and chin. The restraint system for the front passenger seat of the Festiva consisted of an automatic shoulder belt and a manual lap belt. Cody and his mother both testified by deposition that he was wearing both belts at the time of the accident.
Approximately two weeks after the accident, a used auto parts business purchased the car from plaintiff's insurance company and took the car to its salvage yard. When plaintiff's former attorney asked about purchasing the seat belts, they were removed from the car and set aside for him. The attorney, however, did not return to pick up the seat belts, and they were eventually discarded (in approximately February 1995).
Ford Motor Company seeks summary judgment based on plaintiff's failure to preserve the seat belts. The imposition of sanctions for a plaintiff's failure to preserve evidence which the plaintiff knew or should have known was material to imminent litigation is appropriate when the destruction of the evidence prejudices the defendant, even if, as here, there is no bad faith or direct knowledge on the plaintiff's part of the destruction. Dillon v. Nissan Motor Co., 986 F.2d 263, 266-69 (8th Cir.1993). The imposition *885 of such sanctions is not a matter of state law, as the parties suggest, but of a federal district court's inherent powers, and it is a matter "peculiarly committed" to the discretion of the district court. Id. at 268; Sylla-Sawdon v. Uniroyal Goodrich Tire Co., 47 F.3d 277, 280 (8th Cir.1995); Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp., 982 F.2d 363, 368 & n. 2 (9th Cir.1992).
The Court first concludes that Ford has been prejudiced by plaintiff's counsel's failure to preserve the seat belt mechanism. See, e.g., Sylla-Sawdon, 47 F.3d at 280-81 (in products liability suit claiming defective tires, tire manufacturer prejudiced by plaintiff's former attorney's failure to acquire tires before car involved in accident was sold as salvage); Bass v. General Motors Corp., 929 F.Supp. 1287, 1289 (W.D.Mo.1996) (in products liability suit claiming defective seat belts, car manufacturer prejudiced by plaintiff's failure to preserve entire vehicle involved in accident).
The Court must next determine what sanctions are appropriate. Possible sanctions for the failure to preserve evidence include a jury instruction on the "spoliation inference," an inference which permits the jury to assume that the destroyed evidence would have been unfavorable to the position of the offending party; the exclusion of certain evidence of the offending party; or entry of judgment in favor of the prejudiced party. Ford maintains that summary judgment is the only proper remedy in that plaintiff has seriously impaired its ability to prove that Cody was unbelted or not properly belted at the time of the accident. Ford further argues that plaintiff will have insufficient evidence to present to a jury that the seat belts were defective. Plaintiff argues that the testimony of Cody and his mother that Cody was properly belted at the time of the accident would be sufficient to make a submissible case.
In Schmid v. Milwaukee Electric Tool Corp., 13 F.3d 76 (3d Cir.1994), the Third Circuit set forth a helpful framework for determining the appropriate sanction in a spoliation case:
[K]ey considerations ... should be (1) the degree of fault of the party who [failed to preserve the evidence], (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and, where the offending party is seriously at fault, will serve to deter such conduct by others in the future.
Upon careful consideration, the Court concludes that in this case summary judgment in Ford's favor is warranted. The destruction of the seat belts renders a full defense impossible. Ford cannot introduce expert testimony that the seat belt was not defective. Furthermore, examination of the seat belt might have produced evidence that Cody was not wearing the belt, or was not wearing it properly, at the time of the accident. See Pries v. Honda Motor Co., 31 F.3d 543, 544 (7th Cir.1994) (on question of whether automobile passenger was wearing seat belt at time of accident, "[t]he car itself [and seat belts themselves] may be the best witness[es] about conditions at the time of the accident. Strong forces leave telltale signs in physical objects, signs that can be read by people who know what to look for and have the right instruments").
The Court is doubtful whether without any direct evidence that the seat belt malfunctioned or was defective, plaintiff could make a submissible case. In any event, the Court bases its decision on the substantial prejudice to Ford. The Court does not believe that, under the circumstance of this case, a lesser sanction would suffice to reduce the unfairness to Ford resulting from plaintiff's failure to preserve the seat belts.[1]Cf. Unigard, 982 F.2d at 369 (in products liability action against manufacturer of electric space heater allegedly responsible for fire on boat, summary judgment appropriate as sanction for plaintiff's failure to preserve heater or boat).
Accordingly,
*886 IT IS HEREBY ORDERED that defendant's motion for summary judgment is granted.
NOTES
[1] The Court notes that same result would be reached under an alternative approach  that of excluding plaintiff's evidence that Cody was wearing a seat belt. Although this may appear to be a lesser sanction, it too would result in summary judgment in Ford's favor.