**JOSEPH BERRY, Plaintiff,**
**v.**
**ST. THOMAS GAS COMPANY, Defendant.**

Civ. No. 142/94

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

April 14, 1997

<br>
<br>
<br>
<br>
<br>
<br>
<br>
<br>

Anna H. Paiewonsky, Esq., (Law Office of Henry C. Smock), St. Thomas, U.S.V.I., *for Plaintiff*

R. Eric Moore, Esq., (Law Office of R. Eric Moore), St. Croix, U.S.V.I., *for Defendant*

SWAN, *Judge*

## MEMORANDUM OPINION

### INTRODUCTION

Before the Court is plaintiff's Motion, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, seeking to have the Court reconsider its order of dismissal, dismissing the above captioned case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. In support of his motion, plaintiff asserts that prior to the Court's October 31, 1996 Order of Dismissal, plaintiff was unaware of his prior counsel's dereliction and inattention to the case which was instrumental in prompting the dismissal. For the reasons which follow, the plaintiff's motion will be denied.

Plaintiff's present counsel was not his counsel of record at the time of the dismissal of the case.

### FACTS

On June 23, 1992, a gas stove exploded at plaintiff's residence, inflicting burns to his body. On February 14, 1994, Ronald T. Mitchell, Esquire, ("Mitchell"), filed a lawsuit on behalf of plaintiff, seeking various types of damages. Plaintiff simultaneously asserts that an employee of Defendant St. Thomas Gas Company ("St. Thomas Gas") installed a defective or damaged gas cylinder at the

plaintiff's residence which caused gas to leak and the stove to explode, resulting in a fire which caused plaintiff's injuries. R. Eric Moore, Esquire, filed defendant's answer to the complaint on August 2, 1994; he contemporaneously filed a Request for Production of Documents and Defendant's First Set of Interrogatories. When no response to defendant's discovery requests was forthcoming, defendant's attorney wrote several letters to Mitchell, requesting a reply to defendant's discovery requests but without any success.

Subsequently, St. Thomas Gas filed its first Motion to Compel on October 31, 1994, seeking to compel plaintiff to respond to defendant's unanswered discovery requests. Additionally, defendant's attorney wrote Mitchell three letters dated September 22, 1994, October 18, 1994 and July 14, 1995, reminding Mitchell of the unanswered discovery requests.

On May 18, 1995, the Court entered an order, ordering plaintiff to respond to defendant's August 2, 1994 Request for admissions and production of documents, "within twenty (20) business days after the date of this Order." In the same order, the court warned plaintiff that ". . . failure to comply with this Order shall result in sanctions being imposed upon plaintiff, including attorney's fees and cost being assessed against plaintiff."

On August 30, 1995 more than three months after the Court's order, defendant filed its first Motion to Dismiss For Failure to Comply with Discovery ordered by Court and For Failure to Prosecute.

The Court entered another order dated October 5, 1995, scheduling a hearing on October 31, 1995 "for the plaintiff to show cause why this case should not be dismissed for failure of plaintiff to comply with the Court's prior order." At the October 31, 1995 hearing, the parties' attorneys appeared. After hearing the arguments of both parties, the Court entered an order dated December 11, 1995 which *inter alia* enumerated the following:

1. Denied defendant's Motion to Dismiss the lawsuit for failure of plaintiff to comply with defendant's discovery requests.

2. Gave plaintiff thirty (30) days from October 31, 1995 to respond to defendant's outstanding discovery requests.

3. Granted defendant's request for costs incurred by its counsel in attending the hearing, which was to be paid by plaintiff's counsel, Attorney Mitchell, within sixty (60) days.

4. Ordered Attorney Mitchell to file plaintiff's address with the court "for its inclusion in all documents and orders to be distributed by the Territorial Court."

5. Ordered "that a copy of this Order be personally served upon Plaintiff Joseph Berry."

6. Ordered "that the plaintiff shall avoid any and all further delay in getting this case ready for trial."

On January 30, 1996, defendant filed an Informative Motion dated January 27, 1996, informing the Court that plaintiff had again failed to comply with the Court's prior orders and specifically stated that "to date plaintiff has still not complied with all the Court's orders." Importantly, more than eight (8) months later or as of August 12, 1996, plaintiff had continued his contumacious failure to comply with the Court's December 11, 1995 order.

Lastly, on August 15, 1996, defendant filed a renewed Motion for Entry of Order of Dismissal of the case. Upon receiving defendant's renewed motion for dismissal, the Court scheduled an October 22, 1996 hearing to address the renewed motion for dismissal of the case.[1] On October 18, 1996, four days prior to the hearing date, Mitchell filed a Motion for A Continuance, which the Court denied. At the October 22, 1996, hearing Attorney Ivan A. Guzman who appeared on behalf of defendant, submitted copies of numerous letters he wrote to Mitchell, requesting various discovery materials and proposing meeting dates for the parties to discuss the possibility of a settlement. However, plaintiff's counsel was absent from this hearing but as in the past, plaintiff had dismally failed to honor any discovery requests, even the most routine one. Therefore, having exhausted all efforts to elicit from plaintiff a response to defendant's discovery request, the Court, on October 31, 1996, reluctantly granted the defendant's Motion to Dismiss the case approximately two (2) years and three (3) months after St. Thomas Gas' first discovery request to plaintiff.

---

[1] While defendant's counsel had initially requested a continuance of the October 22, 1996 hearing, he did attend the hearing, after resolving the matter which had prompted his motion for continuance.

Most significantly, as of the date the Court dismissed the case, plaintiff had failed to prosecute this case, had failed to comply with the discovery rules, and had failed to comply with the Court's orders. Other than the complaint and the motion for continuance of the October 22, 1996 hearing, plaintiff had done absolutely nothing to prosecute this case.

## ANALYSIS

██ Rule 41(b) of the Federal Rules of Civil Procedure states in part: *"For failure of plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of any claim against the defendant."* The decision to dismiss a case pursuant to Rule 41(b) is within the sound discretion of the trial court. *Burns v. Glick*, 158 F.R.D. 354 (E.D.Pa 1994). The United States Third Circuit Court of Appeals has enunciated that the sanction of dismissal of a case shall be used as a last resort.[2] The Appellate Court further instructs that dismissal of a case for failure to comply with discovery, pursuant to Rule 41 is a "drastic sanction and should be reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff." *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 866 (3rd. Cir. 1984) Recognizing the severe and dire consequences of this sanction, a six part test is considered in determining whether a trial court abused its discretion in dismissing a case pursuant to Rule 41(b). The test is as follows: (1) the extent of the offending party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the, effectiveness of sanction other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Paulis*, at 868. However, a trial Court does not have to discern all of these factors to warrant a dismissal under this rule. *Hicks v. Feeney*, 850 F.2d 152, 156 (3rd. Cir. 1988).

Applying the above test to this case, the Court, on the scant evidence before it, finds no evidence that plaintiff was personally

---

[2] It does not escape the Court's attention that plaintiff has not filed a substitution of counsel.

responsible for the failure to answer defendant's discovery requests. Therefore, the first segment of the test has not been satisfied.

■ But, as to the second segment there has been prejudice to the defendant caused by the plaintiff's failure to respond to defendant's discovery requests. On July 29, 1994, defendant caused a Request for Production of Documents to be directed to Attorney Mitchell. Yet, as of the date of the order dismissing the case, plaintiff had unrelentingly failed to respond fully or partially to any item of defendant's discovery request. Accordingly, plaintiff obstructed, impeded, and frustrated all of defendant's efforts to secure or obtain discovery in this case. No amount of letters or court orders seemingly could dislodge plaintiff from his culpable and obstructionist posture. Therefore, the Court finds the defendant, although blameless, has been severely prejudiced, particularly by defendant's inability to secure from plaintiff vital information it needed to defend this suit. Plaintiff frustrated defendant's efforts to secure discovery, as well as negated the entire purpose and objective of the discovery rules. Undeniably, if the responses to defendant's discovery requests were timely and forthcoming, defendant could have utilized the responses in a meaningful way to investigate the facts and circumstances surrounding plaintiff's allegations. While defendant awaited the plaintiff's responses to legitimate discovery requests, defendant could very well have irretrievably lost the opportunity to secure testimonial evidence, to gather important physical evidence, and to discover the identity of witnesses.

■ Additionally, the Court finds regarding the third and fourth segments of the test that plaintiff engaged in a protracted history of dilatoriness and contumacy to defendant's detriment. From the inception of this action, plaintiff has failed to comply with defendant's most rudimentary and fundamental requests for various types of discovery. The Court finds that plaintiff's failure to comply with discovery is tantamount to "bad faith."

■ On May 18, 1995 and on December 11, 1995, the Court ordered plaintiff to respond to defendant's various discovery requests. Nonetheless, as of October 31, 1996, plaintiff had unceas-

ingly failed to comply with either of the Court's orders. Moreover, plaintiff simply ignored these orders and has never offered or advanced any justification or reason, plausible or otherwise, for ignoring the orders. Importantly, for more than two years plaintiff never formally requested an extension of time to respond to defendant's discovery requests nor has he formally or in writing ever communicated to the Court any existing or lasting hardship for more than two years that could be the "functional equivalent" of excusable neglect. The unavoidable conclusion is that plaintiff and his counsel were disconcertingly contumacious in their failure to respond to the Court's order within a reasonable time, and their conduct warranted dismissal of this action.

■ In addressing the matter on plaintiffs who engaged in a pattern of intentional delay of a lawsuit, the Court in First *General Resources Company, et al. v. Elton Leather Corporation*, et al, 958 F.2d 204 (8th Cir. 1992) states succinctly that "Although dismissal with prejudice is a severe sanction, the Court may impose that sanction if plaintiff has engaged in pattern of intentional delay; court need not find that plaintiff acted in bad faith, but merely that plaintiff acted deliberately as opposed to accidentally." See also *Omaha Indian Tribe, Treaty of 1854 with The United States v. Tract I - Blackbird Bend Area*, 933 F.2d 1462 (8th Cir. 1991).

The Court finds that considering the fifth segment of the test, that at this juncture, alternative sanctions against plaintiff would be prejudicial to the defendant. The defendant has expended considerable time and effort defending this suit and was stymied by plaintiff in its efforts to defend this action. Additionally, the defendant sent numerous correspondence to the plaintiff's counsel in an effort to resolve the vexatious discovery problems, but all were ignored by plaintiff's counsel. It would be egregiously unfair to defendant for the Court not to dismiss this suit. There is no fault that can be discerned which is attributed to defendant in prompting the dismissal of this suit.

The Court finds that alternative sanctions under Rule 37 of the Federal Rules of Civil Procedure would not have been adequate, considering plaintiff's past conduct of noncompliance with court orders, discovery requests, and letter reminders. Undoubtedly, another order of the court, another hearing, or another warning to

plaintiff would not have provoked compliance on plaintiff's part, all to defendant's disadvantage and detriment.

Plaintiff filed the suit; therefore, he must be prepared to follow the orders of the Court and its procedural rules. The plaintiff was afforded unlimited opportunities to comply with the Court's orders. The Court can only conclude that plaintiff's failure to comply was due to plain willfulness. As to the sixth segment regarding the meritoriousness of the parties' claim and defense, the Court contends that both parties' contentions are well founded in legal theory.

In the case of *Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994) the Circuit Court of Appeals upheld a dismissal of a case pursuant to Rule 41(b). Specifically, Wasim Aziz filed a 42 U.S.C. Section 1983 complaint against several correctional officers at the Algan Correction Center. The defendants attempted to depose Mr. Aziz using a videotape. Mr. Aziz objected to being videotaped in handcuffs and refused to cooperate and eventually refused to submit to a deposition. After a hearing on defendant's motion to dismiss pursuant to Rule 37(d) of the Federal Rules of Civil Procedure, the Magistrate recommended that the action be dismissed. However, the District Court Judge rejected the recommendation. The defendants tried to depose Mr. Aziz a second time, and Mr. Aziz walked out before the deposition commenced. The Court ruled that "Aziz wilfully disregarded the Court's Order allowing defendant to depose him" and that "Rule 41(b) dismissal is proper after the Court warned party of consequence for failure to engage in discovery." *Aziz*. at p. 589.

In this case, the Court afforded plaintiff ample opportunities to prosecute this claim. The plaintiff made it impossible for defendant to properly defend this action. Therefore, any lesser sanction would not have furthered the interests of justice. The Third Circuit Court of Appeals has asserted that "sanctions of dismissal of action for plaintiff's failure to comply with district court's order is reserved for those cases in which plaintiff has caused delay or engaged in contumacious conduct." *Guyer v. Beard*, 907 F.2d 1424 (3rd. Cir. 1990). See also *Price v. McGlathery*, 792 F.2d 472 (5th Cir. 1986) (no need for a further hearing before dismissal where there was a clear record of contumacious conduct, and lesser sanctions had already been imposed).

71

■ A Court may grant a motion for involuntary dismissal or dismiss an action sua sponte under the involuntary dismissal rule, because of the plaintiff's failure to comply with the Rules or with a court order. *Long v. Simmons*, 77 F.3d 878, 879 (5th. Cir. 1996). See also *West Coast Theater Corp. v. City of Portland*, 897 F.2d 1519 (9th Cir. 1990). This case is the epitome of and exemplary of a case in which a party shamelessly, with impertinence, refused to comply with the discovery rules. Fed. R. Civ. P. 33 and 34. Plaintiff never offorded the Court any inkling or modicum of an explanation for his refusal to respond to defendant's discovery requests. In *West Coast Theater, supra*, the Appellate Court informs that the District Court did not abuse its discretion in dismissing the action for failure to prosecute when the plaintiff's utter failure to cooperate with discovery orders had harmed the defendants and the application of lesser sanctions had failed to cause plaintiffs to act properly.

Besides failing to comply with the rules of this Court and failing to comply with this court's orders, plaintiff failed to prosecute this case. Other than the complaint and a motion for continuance of an extremely important hearing, plaintiff has done absolutely nothing to prosecute this case or to advance it towards a resolution.

It is obvious from the history of this case that the Court has been exceedingly lenient and patient with plaintiff. Unfortunately, this Court's leniency had not prompted a response on plaintiff's behalf.

## RULE 60(b)

The plaintiff also relies on Rule 60(b) of the Federal Rules of Civil Procedure to support his motion. The rules states in pertinent part: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect." Essentially, plaintiff asserts that "the Court reconsiders its Order of Dismissal and vacate the Order based upon inadvertence and excusable neglect."

■ Whether to grant relief under Rule 60(b) is left to the sound discretion of the trial Court, and that discretion will not be reversed by the Appellate Court, except for an abuse of discretion.

*Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). See also *Mitchell v. Shalala*, 48 F.3d 1039, 1041 (8th Cir. 1995). In support of his motion, plaintiff asserts that he is being punished for the conduct of his attorney. However, Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances. It is generally held that neither ignorance nor carelessness on the part of an attorney will provide grounds for 60(b) relief. *Hoffman v. Celebrezze* 405 F.2d 833, 835 (8th Cir. 1969). This Court has already concluded that plaintiff's conduct in responding to defendant's discovery request was in bad faith.

The Third Circuit Court of Appeals has stated that "any motion by the Court or counsel seeking an effective dismissal based on an apparent default on the part of a litigants' counsel must be pleaded with supporting material." *Dunbar v. Triangle Lumber and Supply Co.*, 816 F.2d 126, 129 (3rd. Cir. 1987). Attorney R. Eric Moore, defendant's counsel, had filed several motions to the Court requesting that the plaintiff be compelled to comply with discovery requests. Also, there are copies of numerous letters that were mailed to plaintiff's counsel, addressing the discovery issue. Therefore, there is substantial evidence supporting the Court's decision to dismiss the case.

It is inconceivable what would occur in trial courts, if the attorneys in every third case can impede the discovery process for two and one-half years, thereby causing unimaginable backlogs on an already crowded court calendar and prejudicing opposing parties. The Third Circuit has taken judicial notice of the "increasing trend towards the dismissal of legal actions based on dereliction of duty by members of the bar." *Dunbar*, at 129. "Defaults in professional obligations are a blight on the legal system and a betrayal of its privilege accorded the legal profession." *Id* at 129. See also *Pelican Production Corp. vs. Marino*, 893 F.2d 1143 (10th. Cir. 1990) in which the Court instructs that "carelessness by a litigant or his counsel does not afford a basis of relief under Rule 60(b)(1))." More importantly, negligence, carelessness, or lack of due care on the part of a litigant or his attorney never provided a basis for relief under Rule 60(b). *Williams v. Hatcher*, 890 F.2d 993 (7th Cir. 1989). Lastly, plaintiff's lack of information concerning the status of his

lawsuit does not constitute excusable neglect under Rule 60(b). *Smith v. Alumax Extrusions Inc.* 868 F.2d 1469 (5th Cir. 1989); *Greenwood Explorations, Ltd. v. Merit Gas & Oil Corp.* 837 F.2d 423 (10th. Cir. 1988). Accordingly, the Court concludes that Rule 60 (b) is unavailing to plaintiff.

## CONCLUSION

Although these avenues of relief are not longer available to plaintiff, there are other legal avenues of recourse available to him. For the forgoing reasons, the plaintiff's motion to reconsider the order of dismissal is hereby DENIED.

DATED this 14th day of April, 1997

## ORDER

For the reasons enumerated in the Memorandum Opinion of April 14th, 1997 in the above captioned case, it is hereby

ORDERED that plaintiff's Motion to have the Court Reconsider its October 31, 1996 Order of Dismissal is DENIED; and it is further

ORDERED that copies of this Order shall be directed to the parties' attorneys.

Plaintiff's motion to reconsider the order of dismissal DENIED.