34 F.3d 587
 30 Fed.R.Serv.3d 255
 Wasim AZIZ, Plaintiff-Appellant,
v.
T.G. WRIGHT; Penny R. Epperson; Mike Taggert; Rick
Wallace; Ansel Card; Urban A. Lock; Heyer; Richter;
Watts; Harriett Swinger; Dr. Raymond Kalfus; Randy
Mobley; Vivian Watts, Defendants-Appellees.
Wasim AZIZ, Plaintiff-Appellant,
v.
T.G. WRIGHT, Penny R. Epperson; Mike Taggert; Rick
Wallace; Ansel Card; Urban A. Lock; Heyer; Richter;
Watts; Harriett Swinger; Dr. Raymond Kalfus; Randy
Mobley; Vivian Watts, Defendants-Appellees.
Wasim AZIZ, Plaintiff-Defendant,
v.
Carl WHITE, Superintendent; Mike Taggert; Wallace;
Atkins; Ansel Card; Urban A. Lock, Defendants-Appellees,
Wasim AZIZ, Plaintiff-Appellant,
v.
STATE OF MISSOURI; Carl White, Superintendent; Wallace;
Atkins; Taggert, Defendants-Appellees,
Wasim AZIZ, Plaintiff-Appellant,
v.
Carl WHITE, Superintendent; Atkins; Taggert; Wallace;
Missouri Department of Corrections; Dick Moore;
Ansel Card; Urban A. Lock, Defendants-Appellees.
 Nos. 93-3615, 93-3617.
 United States Court of Appeals,
Eighth Circuit.
 Submitted June 14, 1994.
Decided Aug. 9, 1994.
 
 Wasim Azia, pro se.
 Barbara J. Wood, Jefferson City, MO, for appellees.
 Before McMILLIAN, MAGILL, and BEAM, Circuit Judges.
 BEAM, Circuit Judge.
 
 
 1
 Wasim Aziz, a Missouri inmate, appeals the district court's dismissal of his complaint as a sanction for failing to comply with discovery. We affirm.
 
 
 2
 In May 1991, Aziz filed this 42 U.S.C. Sec. 1983 complaint against several corrections officers at the Algoa Correctional Center. The court consolidated several of Aziz's pending cases and, in June 1993, the magistrate judge issued an order granting defendants permission to depose Aziz. The defendants sent Aziz notice, informing him that the deposition would be videotaped. Defendants attempted to depose Aziz; however, he objected to being videotaped in his handcuffs, became belligerent, and refused to allow the deposition to commence as long as he remained in handcuffs. Defendants' attorney stopped the deposition because of Aziz's behavior and filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b), on the ground that Aziz had violated a court order when he refused to submit to a deposition.
 
 
 3
 After a pre-trial conference at which all parties discussed Aziz's refusal to allow his deposition, the magistrate judge recommended that Aziz's action be dismissed, pursuant to Federal Rule of Civil Procedure 37(d). Defendants then tried a second time to depose Aziz. Aziz was again uncooperative and refused to be deposed, walking out before the deposition could commence. Defendants filed a second motion to dismiss. Over Aziz's objections, the district court adopted the magistrate judge's report and dismissed Aziz's complaint. Aziz filed two timely notices of appeal, which have been consolidated. On appeal, Aziz argues that the district court erred in dismissing his case because the defendants had not filed a motion to compel discovery. He also asserts that the district court erred in denying his repeated requests for injunctive relief and for not appointing him counsel.
 
 
 4
 Federal Rule of Civil Procedure 37(d) allows the district court to, among other sanctions, dismiss an action if a party "fails to appear" for his or her deposition. Contrary to Aziz's argument, no motion to compel is required before dismissal under Rule 37(d). See Halas v. Consumer Servs. Inc., 16 F.3d 161, 164 (7th Cir.1994). A district court has wide latitude in imposing sanctions for failure to comply with discovery, and this court will reverse a decision to dismiss under Rule 37(d) only if the court abused its discretion. Farnsworth v. City of Kansas City, 863 F.2d 33, 34 (8th Cir.1988) (per curiam), cert. denied, 493 U.S. 820, 110 S.Ct. 77, 107 L.Ed.2d 43 (1989).
 
 
 5
 Other circuits have held that a refusal to answer questions or participate does not constitute a "failure to appear." See R.W. Int'l Corp. v. Welch Foods, Inc., 937 F.2d 11, 15, 19 (1st Cir.1991); Stevens v. Greyhound Lines, Inc., 710 F.2d 1224, 1228 (7th Cir.1983); SEC v. Research Automation Corp., 521 F.2d 585, 588-89 (2d Cir.1975) (failure to appear must be strictly construed; Rule 37(d) inappropriate basis for sanctions when party physically present but refuses to be sworn or testify). We agree with our sister circuits that Rule 37(d) should be strictly construed; therefore, we cannot affirm the district court's dismissal on the basis of Rule 37(d). After careful consideration of the record, however, we affirm the district court on the ground argued in defendants' motions to dismiss: failure to comply with an order of the court under Rule 41(b). See United States v. Swanson, 9 F.3d 1354, 1358 (8th Cir.1993) (appellate court may affirm district court on any permissible grounds).
 
 
 6
 An action may be dismissed pursuant to Rule 41(b) if a plaintiff has failed to comply with any order of the court. Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir.1984) (per curiam). Aziz willfully disregarded the court's order allowing defendants to depose him. Of particular importance, the magistrate judge told Aziz at the pre-trial conference that he would recommend dismissal due to Aziz's conduct at the first deposition. In light of this knowledge, it is hard to construe Aziz's conduct at his second "deposition" as anything but willful disregard of a court order. We, therefore, affirm the district court's dismissal of Aziz's complaint. See First Gen. Resources Co. v. Elton Leather Corp., 958 F.2d 204, 206 (8th Cir.1992) (per curiam) (Rule 41(b) dismissal proper after court warned party of consequence for failure to engage in discovery).
 
 
 7
 Because Aziz's action was correctly dismissed, his argument that the court erroneously denied his claims for injunctive relief is moot. Finally, the district court correctly denied Aziz appointed counsel. See Williams v. Groose, 979 F.2d 1335, 1337 (8th Cir.1992) (per curiam).
 
 
 8
 Accordingly, we affirm.