# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2624

_____

| | | |
|---|---|---|
| Martin Lindstedt, | * | |
| | * | |
| Plaintiff/Appellant, | * | |
| | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Missouri. |
| City of Granby; Craig Hopper, Mayor, | * | |
| City of Granby; Robert Loudermilk, | * | [PUBLISHED] |
| Councilman, City of Granby; Jay Jeter, | * | |
| then Councilman, City of Granby; | * | |
| Pat Canever; Jim Channel; Richard | * | |
| Thexton, Jr., | * | |
| | * | |
| Defendants/Appellees. | * | |

_____

Submitted: September 13, 2000
Filed:  November 13 2000

_____

Before McMILLIAN, BRIGHT, and BYE, Circuit Judges.

_____

PER CURIAM.

Martin Lindstedt, Plaintiff/Appellant, brought this civil rights suit against Defendants/Appellees, City of Granby and certain city officials, employees and former employees (collectively "City"), asserting, among other things, that the City participated in a deliberate policy of obstruction of justice and encouraging false arrests and assaults upon the Plaintiff.  For relief, Lindstedt asks that the lawsuit proceed to

trial and that he receive certain unspecified relief, i.e., as "this Court finds necessary, proper and just."

The lawsuit appears to have its origin in an altercation between Lindstedt and City councilman Jeter which occurred following a council meeting on August 9, 1994. According to newspaper accounts included in the record, Lindstedt apparently called Jeter a crook and moral leper to which Jeter responded by hitting Lindstedt's jaw with his fist. Following misdemeanor arrests of both Lindstedt and Jeter and dismissal of those charges, Lindstedt brought this action. Lindstedt sustained minor injuries of "only a cut mouth, a headache and a false arrest and detention for an hour and a half." Lindstedt also states the "more serious injuries came about as a result of the City of Granby Defendants' crimes against Plaintiff, which were amended and joindered on Aug. 3, 1998 . . . ."[1]

The district court dismissed Lindstedt's complaint for his failure to respond to discovery. (Order of March 16, 1999). Thereafter, the court refused to reopen the case on Lindstedt's motion. Lindstedt brought this pro se appeal. On December 6, 1999, we affirmed the district court judgment. On Lindstedt's petition for rehearing, we vacated the affirmance, appointed counsel for Lindstedt, and have now fully reconsidered the matter on the briefs and oral argument. After due consideration and a thorough review of the record, we affirm.

---

[1]Lindstedt on August 3, 1998 sought to expand this case with an alleged number of "false arrests and false imprisonments Plaintiff has suffered over the past four years and join them together in one major civil rights lawsuit as opposed to four separate and distinct lawsuits."

Lindstedt sought to join various Newton County officials, former City councilmen, and others to the present lawsuit. This effort came almost a year after the initial complaint of Lindstedt and was properly rejected by the district court in its order of March 16, 1999.

## I.  BACKGROUND

As we note, this case began from an argument culminating in a simple assault between City councilman Jeter and Lindstedt.  The litigation has continued for more than six years since the assault and three years since the filing of the complaint.  In reading the third amended complaint of Lindstedt filed November 7, 1997, the complaint gives precise details of the incidents preceding and following the City's council meeting.  However, the complaint discloses no details to support Lindstedt's charge that "the Defendant City of Granby [has] a deliberate policy, set by its elected and appointed officials, of obstruction of justice and encouraging false arrests and assaults . . . against Plaintiff's civil rights."

The case followed a usual course until about April of 1998.  Lindstedt and Ms. Theresa L. Kenney, attorney for Defendants, signed a scheduling order setting a discovery deadline of October 1, 1998, agreeing to make disclosures as required by the local rule and indicated that trying the case would take two days.  The district court approved the scheduling arrangements.  The Defendants made their Rule 26 disclosures immediately on April 27, 1998, the same date as the scheduling order, disclosing persons with information on disputed facts, written materials, and other matters.  Previous to that date, Lindstedt also sent his initial disclosures that included his own audiotape recording made on August 9, 1994, the incident date.

Since Lindstedt made no further disclosures, defense counsel on April 22, 1998 served Lindstedt with some basic interrogatories requesting some personal information about Lindstedt, the names of persons having information about the occurrences alleged in the complaint, information about any statements Defendants may have made to Plaintiff's counsel, and certain documents such as statements of the Defendants in the action as well as any notes or statements kept by Lindstedt.  The request also referred to the audiotape recording made by Lindstedt relating to his altercation with City

councilman Jeter. As we have noted, Lindstedt had earlier provided the audiotape recording to Defendants' counsel.

Lindstedt did not respond to Defendants' interrogatories within the thirty days. On June 4, 1998, "Defendants' counsel sent a letter to Plaintiff . . . informing him that his responses were past due and asking him to give the matter his prompt attention. Plaintiff again failed to respond."

Thereafter, on September 21, 1998, Defendants' attorney moved for dismissal. Lindstedt responded on October 1, 1998 by an answer asserting that the Defendants' complaint [motion] had been made in bad faith and stating, among other things:

> Plaintiff has put off answering these interrogatories because having had dealings with Attorney Kenney's law firm before, this particular law firm likes playing games with the discovery process. It likes to take depositions and pose interrogatories at taxpayer expense, then refuses to answer Plaintiff's simple interrogatories. By putting this answer off until the last day for discovery, Plaintiff ensures that any future discovery for joindered City of Granby Defendants will be done on a basis of a necessary cooperation as opposed to the ambush tactics Attorney Kenney's law firm has used in the past against Plaintiff.

R. at 69.

Plaintiff also asserted that he had already given adequate information to Defendants by furnishing a collection of newspaper clippings and an audiotape recording. He stated his reason for refusing to engage in discovery until the last possible day was his response to prior unfair discovery tactics by Defendants' lawyers in defending other suits brought by Lindstedt. He concluded his response with the following invective comments:

> Plaintiff is more than willing to provide discovery in this matter, or they can read it from off the Internet with the rest of the public as Plaintiff informs the whole WorldWide Web at http://www.mo-net.com/~mlindste what a pack of morally degenerate corrupt fascists Defendants are. If Plaintiff is not going to get justice in the courts he might as well seek his payback somewhere else.

R. at 72.

Prior to filing his answer, Lindstedt had moved to amend his pleadings and add additional parties. The Defendants had moved for a dismissal or alternately for other sanctions against Lindstedt. In an order filed March 16, 1999, the district court denied the motion to amend the pleadings and add additional parties. On the discovery matter, the court ruled:

> Plaintiff has failed to respond to Defendants' April 22, 1998 interrogatories and requests for production. Defendants' counsel sent a letter to Plaintiff on June 4, 1998 informing him that his responses were past due and asking him to give the matter his prompt attention. Plaintiff again failed to respond. Plaintiff received a copy of Defendants' motion and, again, failed to respond. Pursuant to Federal Rule of Civil Procedure 37, this Court sanctions Plaintiff for his failure to make disclosures and/or cooperate in discovery. As a result, Plaintiff's Complaint is dismissed.

R. at 74-75.

Lindstedt then moved the court to alter or amend the judgment on the issue of adding new parties or amending the pleadings and to grant a new scheduling order on discovery. In this motion, Lindstedt added Judge Whipple to his invective comments.

Judge Whipple, the district judge, denied the Rule 59(e) motion in a brief order. Lindstedt brought this appeal. Initially, we affirmed but later vacated the judgment of affirmance on Lindstedt's petition for rehearing asserting his case was one of merit and

that on appeal this court had not provided him the opportunity to brief the issues. Subsequently, we directed that counsel be appointed for Lindstedt. We heard oral argument on September 13, 2000.

## II. DISCUSSION

We have carefully considered the briefs and arguments in this case. Although Lindstedt in his petition for rehearing seems to assert that his civil rights have been violated by other parties whom the court refused to join as defendants in this case, the present litigation relates to an altercation or argument between Lindstedt and a Granby City council member who responded to fighting words with a blow to Lindstedt's jaw.

This case had proceeded normally with both parties cooperating and agreeing on a discovery schedule and apparently proceeded toward a speedy trial of a rather simple case that would take two days to try.

The context of the case changed radically when Lindstedt sought to join "four major civil rights lawsuits rolled into one" and add strangers to the dispute between Lindstedt and the City. The district court properly rejected this effort and motion.

Lindstedt, during the period of discovery, wilfully and intentionally refused to answer Defendants' interrogatories as a litigation tactic to respond to his alleged difficulties with Defendants' counsel's law firm in other cases. Clearly, Lindstedt abused the discovery process. Under Rule 37 of the Federal Rules of Civil Procedure, the district court had the power to terminate this litigation for flagrant abuse of the discovery process.

In response, Lindstedt claimed he in fact had provided materials requested in discovery. The record belies that assertion. He at no time up to the present has

-6-

answered the thirteen interrogatories. Examining those interrogatories, it would appear to require but little time and effort to answer those questions.

In the brief for Lindstedt, counsel asserts that Defendants' counsel did not comply with Local Rule 37.1 on discovery motions.[2] While it appears that Defendants' attorney and Lindstedt did not confer with the district judge, Lindstedt's delay tactics had already caused substantial delay in the trial. Rule 37 of the Federal Rules of Civil Procedure does not require any meet-and-confer requirement as a predicate to seeking sanctions.

In a case such as this involving public officials and a public body, it becomes important that courts and parties attempt to abide by the principle that litigation proceed to secure a just, speedy, and inexpensive determination. This rather simple case seemed headed for a speedy resolution. Lindstedt sought to complicate matters with a motion to amend and then delay resolution of the case by intentionally refusing simple discovery requests in Defendants' interrogatories.

---

[2]U.S. Dist. Ct. Rules W.D. Mo., Rule 37.1 reads:

(a) Except when authorized by an order of the Court, the Court will not entertain any discovery motions, until the following requirements have been satisfied:

1. Counsel for the moving party has in good faith conferred or attempted to confer by telephone or in person with opposing counsel concerning the matter prior to the filing of the motion. Merely writing a demand letter is not sufficient. Counsel for the moving party shall certify compliance with this rule in any discovery motion. . . .

2. If the issues remain unresolved after the attorneys have conferred in person or by telephone, counsel shall arrange with the Court for an immediate telephone conference with the judge and opposing counsel. No written discovery motion shall be filed until this telephone conference has been held.

The record is bare of information on compliance or not with this local rule.

The adage "time is money" applies in lawsuits and particularly actions such as this one. Lindstedt's counsel asserts that the harm could have been undone by changing the discovery schedule and perhaps postponing any trial. However, district judges, most of whom are overburdened with litigation, must be able to require litigants, even pro se litigants, to promptly proceed with requirements of litigation.

Examining the whole record, we see no abuse of discretion by Judge Whipple and we affirm. We are mindful that Lindstedt proceeded pro se and is a layman, not a lawyer. Here, the discovery requirements put upon him were straightforward and relatively simple. His was an intentional disregard of those requirements and he fashioned his own rule of defense to discovery. A pro se litigant is bound by the litigation rules as is a lawyer, particularly here with the fulfilling of simple requirements of discovery.[3]

Here, notwithstanding Lindstedt's invective comments against parties, counsel and the district judge, this court recognizing that dismissal is a severe sanction, has afforded full due process to this pro se litigant by appointing competent counsel to brief and argue his appeal, and by carefully examining the whole record.

The case law supports the ruling of the district court dismissing the action as within the court's discretion. See LB Credit Corp. v. Resolution Trust Corp., 49 F.3d 1263, 1267 (7th Cir. 1995); Aziz v. Wright, 34 F.3d 587, 589 (8th Cir. 1994); Boogaerts v. Bank of Bradley, 961 F.2d 765, 768 (8th Cir. 1992); Denton v. Mr. Swiss

---

[3]Lindstedt is no stranger to pro se litigation in federal court. Counsel advises that he is a party in the following: "Lindstedt vs. Missouri Southern State College, 95-5070-CV, Lindstedt vs. the City of Granby, 96-5057-CV, Lindstedt vs. Missouri Libertarian, 96-4262-CV, Lindstedt vs. Baum, 95-5103-CV, Lindstedt vs. Hopper, 97-5074-CV, Lindstedt vs. Hopper, 97-5074-MC, Lindstedt vs. City of Jasper Cty., 97-5064-CV, all filed in the Western District of Missouri since December, 1995." Appellees' Br. at 8.

of Mo., Inc., 564 F.2d 236, 241 (8th Cir. 1977); and Fox v. Studebaker-Worthington, Inc., 516 F.2d 989, 993 (8th Cir. 1975).

The court expresses its appreciation for the assistance of counsel appointed to brief and argue appellant's appeal without any fee.  Although not successful, counsel provided competent services on behalf of appellant and great assistance to the court in considering and deciding this appeal.  We have had the benefit of able advocacy by counsel for both parties.

We affirm.  Each party to pay own costs.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.