# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-2852

_____

James Bergstrom

*Plaintiff - Appellant*

v.

Sgt. Michelle Frascone, in her individual capacity; Sgt. Vicki Braman, in her individual capacity; Vanessa Rew, an individual; Sgt. Stacey Webb, in her individual capacity; Commander Kris Mienert, in her individual capacity; Sgt. Sue McMahon, in her individual capacity; Det. Chris Donohoe, in his individual capacity; Det. Chris Ployart, in his individual capacity

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: June 12, 2013
Filed: March 6, 2014

_____

Before LOKEN, BRIGHT, and BYE, Circuit Judges.

_____

BYE, Circuit Judge.

James Bergstrom filed suit claiming malicious prosecution and violations of his civil rights. After numerous delays drawing out the discovery period for eighteen

months, Bergstrom's attorney failed to comply with a court ordered deadline to submit answers to written discovery requests. The district court dismissed Bergstrom's suit with prejudice for failure to prosecute and failures to comply with a court order and the Federal Rules of Civil Procedure. We vacate the order of dismissal and remand the matter to the district court.

I

In relation to events occurring on April 23, 2010, officers of the Woodbury, Minnesota, Police Department charged Bergstrom with violating an Order for Protection which had prohibited him from having contact with his ex-wife, Vanessa Rew. The charges were later dismissed.

Represented by attorney Jill Clark, Bergstrom filed suit in state court against Rew, Sergeant Michelle Frascone, Sergeant Vicki Braman, Sergeant Sue McMahon, Sergeant Stacey Webb, Detective Chris Donohoe, Detective Chris Ployart, and Commander Kris Mienert (collectively "the Defendants"). The case was removed to federal court and an initial scheduling order issued on November 17, 2010.

Although the initial scheduling order set the deadline for discovery for November 2011, a series of delays attributable almost exclusively to Clark drew out the discovery period until the middle of 2012. Those delays can be grouped into two main categories. Prior to September 1, 2011, except for one request from Bergstrom to reschedule his deposition, the delays were the product of conflicts with Clark's schedule. On three occasions, Clark asked the Defendants to accommodate those conflicts by rescheduling the depositions of the parties. The Defendants did so. As a result, by the beginning of September 2011, the depositions of only three of the Defendants had been taken. The depositions of three of the remaining Defendants were rescheduled for mid-September 2011, and the Defendants had proposed rescheduling Bergstrom's deposition for a date approximately a week thereafter.

Beginning in early September 2011, however, Clark began to repeatedly take unpredictable periods of medical leave due to health issues. As a result of the first such leave, Clark unilaterally cancelled the scheduled depositions and did not respond to the proposal to reschedule Bergstrom's deposition. As her health issues progressed, Clark occasionally returned to work on a limited basis, but was often again put on medical leave with little or no notice to the Defendants. The unpredictable nature of Clark's unavailability frustrated the Defendants' attempts to reschedule the cancelled depositions. Clark also failed to submit Bergstrom's answers to the Defendants' discovery requests, which they had first served in June 2011. Pursuant to party stipulations, the district court twice amended the scheduling order during this period to extend the deadlines for discovery.

On March 18, 2012, Clark notified the Defendants she had returned to work on a sustained basis. The Defendants responded by offering to stipulate to a third extension of the discovery deadlines. When Clark failed to respond, the Defendants moved to dismiss for failure to prosecute and failure to comply with an earlier court order.

On May 1, 2012, the district court denied the motion without prejudice. The district court ordered the parties to participate in a scheduling conference to determine whether Clark could continue prosecuting the case and, if necessary, to amend the scheduling order. The district court's order also instructed Clark, in the event she could not continue to represent Bergstrom, she would have sixty days from the entry of the order to dismiss the case or withdraw, either in favor of new counsel or Bergstrom proceeding pro se. In the order, the district court expressly warned any failure on Clark's part to obey the court's orders or the Federal Rules of Civil Procedure would result in dismissal.

Based on Clark's representations that she was capable of representing Bergstrom and could meet all deadlines, a final amended scheduling order issued.

The order established a number of discovery deadlines, including a June 15, 2012, deadline to submit answers to the Defendants' written discovery requests.

When Clark failed to submit Bergstrom's answers by the deadline, the Defendants again moved to dismiss. On June 22, 2012, the district court issued an Order to Show Cause. Noting Clark had done significant work on other cases in the days leading up to the missed deadline, the district court directed Bergstrom to file a memorandum explaining why the case should not be dismissed. On the date the memorandum was due, an attorney representing Clark in an unrelated matter submitted a written letter on Clark's behalf. The letter indicated Clark had suffered a severe relapse of her health issues in the days leading up to the June 15 deadline and had later been hospitalized. Clark's attorney further asked the district court for a thirty-day continuance to allow Bergstrom to find substitute counsel. The district court dismissed the case with prejudice for failure to prosecute, failure to follow the Federal Rules of Civil Procedure, and failure to comply with the final amended scheduling order. Bergstrom appeals.

II

On appeal, Bergstrom contends the district court abused its discretion by imposing an excessive sanction. The Defendants contend dismissal with prejudice was appropriate under either Rule 41(b) or Rule 37(b)(2) of the Federal Rules of Civil Procedure.

A

We review an involuntary dismissal with prejudice pursuant to Rule 41(b) for abuse of discretion. Arnold v. ADT Sec. Servs., Inc., 627 F.3d 716, 722 (8th Cir. 2010) (citing Hunt v. City of Minneapolis, 203 F.3d 524, 527 (8th Cir. 2000)). A district court may dismiss a cause of action with prejudice "for failure of a plaintiff

to prosecute or comply with [the Federal Rules] or any court order." Fed. R. Civ. P. 41(b). "The power to dismiss under Fed. R. Civ. P. 41(b) is not unlimited, however." M. S. v. Wermers, 557 F.2d 170, 175 (8th Cir. 1977). "[T]he sanction imposed by the district court must be proportionate to the litigant's transgression." Rodgers v. Curators of Univ. of Mo., 135 F.3d 1216, 1219 (8th Cir. 1998) (citations omitted). "Dismissals with prejudice are drastic and extremely harsh sanction[s]." Sterling v. United States, 985 F.2d 411, 412 (8th Cir. 1993) (alteration in original) (internal quotation marks and citation omitted). Accordingly, we have found such dismissals proper "only when there has been a clear record of delay or contumacious conduct by the plaintiff[.]" DiMercurio v. Malcom, 716 F.3d 1138, 1140 (8th Cir. 2013) (internal quotation marks and citations omitted). "And we have admonished . . . this ultimate sanction should only be used when lesser sanctions prove futile." Id. (internal quotation marks and citation omitted).

On review, "this court employs a balancing test that focuses foremost upon the degree of egregious conduct which prompted the order of dismissal and to a lesser extent upon the adverse impact of such conduct upon both the defendant and the administration of justice in the district court." Rodgers, 135 F.3d at 1219 (internal quotation marks and citation omitted).

This is a close case. No one disputes Clark's delays and failure to comply with the ordered deadlines merited some form of sanction.[1] In addition, there is some

---

[1]We find significant, however, that the conduct is attributable almost exclusively to Clark. A litigant may be held liable for the dilatory actions of his attorney. See e.g., Link v. Wabash R.R., 370 U.S. 626, 633-34 (1962). Our case law, however, suggests dilatory conduct may be considered less worthy of dismissal with prejudice when attributable solely to a litigant's attorney. See Mann v. Lewis, 108 F.3d 145, 147-48 (8th Cir. 1997) (reversing dismissal with prejudice where dilatory conduct solely attributable to counsel); see also Haley v. Kansas City Star, 761 F.2d 489, 491 (8th Cir. 1985) ("Dismissal of the actions is inappropriate in this case where the noncompliance was solely the fault of the attorney."); but see Siems v. City of

-5-

merit to the Defendants' contention they were prejudiced by Clark's delays. See Avionic Co. v. Gen. Dynamics Corp., 957 F.2d 555, 559 (8th Cir. 1992) (holding prejudice in the discovery context exists where adversary's failure to make discovery impairs litigant's ability to assess factual merits of a claim). Further, as the district court expressly warned a failure to abide by the deadlines would result in dismissal, a decision not to dismiss could have adversely impacted the district court's ability to manage the parties and other litigants. See Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976) (noting purpose of imposing sanctions is to deter future offensive conduct by the responsible individual and others). As such, the record here weighs at least somewhat in favor of dismissal being an appropriate sanction.

However, "[e]ven where the facts might support dismissal with prejudice, this 'ultimate sanction . . . should only be used when lesser sanctions prove futile.'" Hunt, 203 F.3d at 527 (alteration in original) (quoting Rodgers, 135 F.3d at 1222). Nothing in the record indicates the district court even considered the viability of lesser sanctions as to the circumstances which existed at the time it entered the dismissal. At the time the district court dismissed the case, Clark had been effectively removed as Bergstrom was looking for new counsel.[2] As every failure to comply with court orders and all but one delay in this case can be traced to Clark, there is no indication imposing a lesser sanction on Bergstrom would have been futile. Accordingly, although we are mindful the district court must have available to it the full range of sanctions, in these circumstances it was an abuse of discretion to impose the "ultimate

---

Minneapolis, 560 F.3d 824, 827 (8th Cir. 2009) (holding dismissal with prejudice warranted where attorney violated nearly every court order and lesser sanctions would have been futile).

[2]We note this search for new counsel was taking place within the sixty-day period instructed by the district court's May 1, 2012, order.

sanction" of dismissal with prejudice without first considering the viability of lesser sanctions.

B

The Defendants contend dismissal with prejudice would nonetheless have been appropriate as a sanction under Rule 37(b)(2), which authorizes sanctions for failure to comply with discovery orders. Although we typically review the imposition of discovery sanctions for abuse of discretion, such discretion "narrows as the severity of the sanction or remedy [the district court] elects increases." Sentis Grp., Inc. v. Shell Oil Co., 559 F.3d 888, 898 (8th Cir. 2009) (quoting Wegener v. Johnson, 527 F.3d 687, 692 (8th Cir. 2008)). "The sanction of dismissal is among the harshest of sanctions, and '[t]here is a strong policy favoring a trial on the merits and against depriving a party of his day in court.'" Id. at 899 (alteration in original) (quoting Fox v. Studebaker-Worthington, Inc., 516 F.2d 989, 995-96 (8th Cir. 1975)). "Accordingly . . . we more closely scrutinize dismissal imposed as a discovery sanction because 'the opportunity to be heard is a litigant's most precious right and should sparingly be denied.'" Id. (quoting Schoffstall v. Henderson, 223 F.3d 818, 823 (8th Cir. 2000)).

Dismissal as a discovery sanction is available only if there is "(1) an order compelling discovery, (2) a willful violation of the order, and (3) prejudice to the other party." Schoffstall, 223 F.3d at 823. In addition, "[i]n this circuit, before dismissing a case under Rule 37(b)(2) the court must investigate whether a sanction less extreme than dismissal would suffice, *unless* the party's failure was deliberate or in bad faith." Avionic, 957 F.2d at 558 (citing Denton v. Mr. Swiss of Mo., Inc., 564 F.2d 236, 240-41 (8th Cir. 1977)); see also Shelton v. Am. Motors Corp., 805 F.2d 1323, 1330 (8th Cir. 1986) (requiring both willfulness and bad faith).

As we have already noted, there is no indication the district court considered the viability of lesser sanctions here. There also is no finding in the record of bad faith which would have excused the district court from considering lesser sanctions. Thus, the district court also would have abused its discretion had it dismissed Bergstrom's suit with prejudice as a discovery sanction without first considering the propriety of lesser sanctions.

III

Based on the foregoing, we vacate the order dismissing Bergstrom's claim with prejudice and remand this matter back to the district court for further proceedings.

LOKEN, Circuit Judge, dissenting.

I respectfully dissent. In my view, the procedures described in detail in the district court's Order dated May 1, 2012; Order To Show Cause dated June 22, 2012; and Order dismissing the action with prejudice dated July 6, 2012, constituted the same "persistent pattern of delay" by Bergstrom's attorney that persuaded us to affirm orders dismissing with prejudice in Arnold v. ADT Security Services, Inc., 627 F.3d 716, 722 (8th Cir. 2010), and in Siems v. City of Minneapolis, 560 F.3d 824, 826-27 (8th Cir. 2009). Moreover, the court understates plaintiff Bergstrom's personal participation in and responsibility for the extended dilatory conduct -- the record on appeal includes emails from his attorney to defendants' attorney stating that Bergstrom could not appear for a duly noticed deposition on September 1, 2011, or for a rescheduled deposition proposed by defendants on November 15, 16, 17, *or* 18, for various personal reasons.

As the court acknowledges that "Clark's delays and failure to comply with the ordered deadlines merited some form of sanction," op. at 5, I interpret our decision

as leaving the district court free on remand to impose a monetary sanction that will compensate defendants for the costly and prejudicial delays they have endured.

_____