# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2773

_____

Dolores Comstock, Special Administrator of the Estate of William Gumby

*Plaintiff - Appellant*

v.

UPS Ground Freight, Inc.; Allen Howard

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: September 8, 2014
Filed: December 30, 2014

_____

Before BYE, COLLOTON, and GRUENDER, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Responding to serious misconduct during discovery, the district court[1] sanctioned Dolores Comstock by dismissing her lawsuit. Comstock appeals this dismissal, and we affirm.

---

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

This suit arose from a nighttime automobile accident in February 2011. After Allen Howard allegedly rear-ended a vehicle driven by William Gumby, Gumby sued Howard and his employer, UPS Ground Freight, Inc. (together, "UPS"). Contending that Gumby's health might have contributed to the accident, UPS requested information such as Gumby's medical records and the identity of anyone with knowledge concerning this defense. In response to UPS's first set of interrogatories, Gumby provided UPS with the names of one physician and one hospital from which he had received pre-accident care.

Gumby died about a year later. Dolores Comstock, Gumby's daughter and the administrator of his estate, was substituted as plaintiff. Both Gumby and then Comstock were represented by Jessica Virden. In July 2012, nearly a year after discovery began, Comstock produced documents revealing many more of Gumby's medical providers, but even then, Comstock still did not produce all the requested medical information. On August 20, 2012, the court ordered Comstock to complete this production by September 28. She failed to do so. In December 2012, Comstock provided UPS with over 3,000 pages of documents, many of which she had already produced. Among those 3,000 pages, however, were new documents showing that Gumby had a history of vision problems; suffered from dizziness, paranoia, and hallucinations while driving; had been instructed not to drive at night; and had been hospitalized hours before the accident. Indeed, Comstock herself had called law enforcement that night, worried because Gumby, without telling his family, had left Pennsylvania to drive home to Arkansas. This production came well after UPS had deposed Gumby and some of his family members.

The district court noted further misconduct beyond Comstock's failure to produce the medical information. For example, Comstock and Virden "strain[ed] credulity" in representing that they did not know of Gumby's poor health before the accident. Moreover, Comstock had hired an expert accident reconstructionist, but Comstock did not, as required, produce all the expert's test results to UPS. In

response to this misconduct, the court found that Comstock had caused "extreme prejudice" to UPS by intentionally violating the August 2012 order and Federal Rule of Civil Procedure 26. Granting UPS's motion, the court sanctioned Comstock under Federal Rule of Civil Procedure 37(b)(2) by dismissing the suit. Comstock appeals.

Although we have said that "'we more closely scrutinize [the sanction of] dismissal,'" ultimately we review discovery sanctions for abuse of discretion. *Bergstrom v. Frascone*, 744 F.3d 571, 576 (8th Cir. 2014) (quoting *Sentis Grp., Inc.v. Shell Oil Co.*, 559 F.3d 888, 899 (8th Cir. 2009)); *see also Sentis Grp., Inc. v. Shell Oil Co.*, 763 F.3d 919, 924 (8th Cir. 2014). Under Rule 37, "[d]ismissal as a discovery sanction is available only if there is '(1) an order compelling discovery, (2) a willful violation of the order, and (3) prejudice.'" *Bergstrom*, 744 F.3d at 576 (quoting *Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000)). "'[I]n this circuit, before dismissing a case under Rule 37(b)(2) the court must investigate whether a sanction less extreme than dismissal would suffice, *unless* the party's failure was deliberate or in bad faith.'" *Id.* (quoting *Avionic Co. v. Gen. Dynamics Corp.*, 957 F.2d 555, 558 (8th Cir. 1992)); *see also Denton v. Mr. Swiss of Mo., Inc.*, 564 F.2d 236, 240-41 (8th Cir. 1977).

Dismissal of Comstock's lawsuit was available as a discovery sanction because the August 2012 order compelled discovery, and the court found that Comstock intentionally failed to comply with the order, thereby causing prejudice to UPS. Though Comstock argues that the prejudice was curable, she does not contest any aspect of the court's finding, including that UPS was prejudiced. We note just one example of this prejudice, that Comstock's non-production hampered UPS's ability to conduct several depositions, including that of Gumby, who cannot now be re-deposed. *See Nat'l Liberty Corp. v. Wal-Mart Stores, Inc.*, 120 F.3d 913, 917 (8th Cir. 1997) (finding no clear error in determination that need to retake depositions was prejudicial); *see also ACLU of Minn. v. Tarek ibn Ziyad Acad.*, 643 F.3d 1088, 1094-95 (8th Cir. 2011) (noting various ways prejudice can accrue after discovery has

begun). Thus, dismissal of Comstock's suit was available as a sanction under Rule 37. *See Bergstrom*, 744 F.3d at 576.

With this sanction available, we find no abuse of discretion in the district court's decision to dismiss Comstock's lawsuit. Given the serious misconduct here—which included non-production of medical information critical to UPS's defense, "unbelievable" representations by Comstock and Virden that they were unaware of Gumby's pre-existing health problems, and violation of an order requiring production of the expert's test results—the court was within its discretion to dismiss Comstock's suit. *See Martin v. DaimlerChrysler Corp.*, 251 F.3d 691, 694-95 (8th Cir. 2001) (affirming dismissal in response to perjurious nondisclosure in discovery); *Chrysler Corp. v. Carey*, 186 F.3d 1016, 1019-22 (8th Cir. 1999) (upholding a default judgment in response to non-production and false denials).

Comstock does not argue that dismissal was wrongfully disproportionate to her misconduct. Rather, she offers two arguments as to why dismissal was improper, the first regarding lesser sanctions and the second regarding non-parties.

First, Comstock argues that the prejudice to UPS could have been ameliorated by sanctions less than dismissal or that the court at least should have considered lesser sanctions. A court dismissing under Rule 37, however, need not investigate lesser sanctions when a party's violation is deliberate.[2] *Bergstrom*, 744 F.3d at 576. Comstock does not dispute the district court's explicit finding that the violation was intentional. As such, the court was not required to consider lesser sanctions. It follows that the court also did not abuse its discretion just because it did not impose lesser sanctions. *See Carey*, 186 F.3d at 1022 (noting, while upholding dismissal

---

[2]Of course, we still review the dismissal itself for abuse of discretion, as we have done here. "[N]ot every instance of failure to comply with an order of court, however inexcusable, justifies total extinction of a . . . cause of action." *Givens v. A.H. Robins Co., Inc.*, 751 F.2d 261, 263 (8th Cir. 1984).

under Rule 37, that "[t]he district court is not constrained to impose the least onerous sanction available, but may exercise its discretion to choose the most appropriate sanction under the circumstances").

For this lesser-sanction argument, Comstock relies primarily on *Shepherd v. American Broadcasting Companies, Inc.*, 62 F.3d 1469 (D.C. Cir. 1995), which she claims we adopted in *Martin v. DaimlerChrysler Corp.*, 251 F.3d 691 (8th Cir. 2001). Comstock is correct that *Shepherd* requires a district court to "articulate a reasoned rejection of lesser sanctions" before dismissing under its inherent authority. 62 F.3d at 1480. But *Shepherd* concerned only inherent authority, and the court distinguished a prior decision that involved a sanction imposed under Rule 37, "which expressly authorizes dismissal or default for noncompliance with a discovery order." *Id.* (citing *Weisberg v. Webster*, 749 F.2d 864 (D.C. Cir. 1984)). Likewise, in this circuit, *Shepherd*'s rule for the exercise of inherent authority is not the law for Rule 37 dismissals. *See Bergstrom*, 744 F.3d at 576. The better reading of *Martin* is simply that, under the facts of that case, *Shepherd*'s conditions for dismissal under inherent authority were satisfied even assuming that *Shepherd* applied in this circuit to Rule 37 dismissals. *Martin*, 251 F.3d at 694-95. *Martin* did not alter our case law holding that, in cases of intentional misconduct, a court dismissing under Rule 37 does not abuse its discretion simply by not investigating lesser sanctions. Under that rule, Comstock's first argument fails.

Comstock also argues that with her suit dismissed, creditors and beneficiaries of Gumby's estate will lose recovery through no fault of their own. But Comstock cites no cases holding that a court must consider a sanction's secondary effects on non-parties, and we are unaware of any such rule. Accordingly, we find no abuse of discretion on this basis.

The judgment of the district court is affirmed.

_____

-5-