# United States Court of Appeals

### For the Eighth Circuit

_____

No. 17-2210

_____

Cornelius Williams, Jr.

*Plaintiff - Appellant*

v.

Corizon and/or Correctional Medical Services (CMS), et al.

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: March 6, 2018
Filed: March 9, 2018
[Unpublished]

_____

Before LOKEN, KELLY, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

In this pro se 42 U.S.C. § 1983 action, Cornelius Williams appeals after the district court[1] dismissed his complaint, without prejudice, for failure to prosecute or

_____

[1]The Honorable Ronnie L. White, United States District Judge for the Eastern District of Missouri.

otherwise comply with court orders. He challenges the dismissal and argues he should have been appointed counsel.

Having carefully reviewed the record and the parties' arguments on appeal, we conclude that the district court did not abuse its discretion in dismissing this action without prejudice. Williams's failed to comply with court-ordered discovery deadlines and failed to appear for his noticed deposition, ignoring the warning given in the court's scheduling order. See Fed. R. Civ. P. 37(b)(2)(A), (d), 41(b); Lindstedt v. City of Granby, 238 F.3d 933, 937 (8th Cir. 2000) (pro se litigant bound to meet simple discovery requirements); Aziz v. Wright, 34 F.3d 587, 589 (8th Cir. 1994) (Rule 41(b) dismissal not an abuse of district court's broad discretion to impose sanctions after the court warned that dismissal would be consequence of party's discovery non-compliance); Schooley v. Kennedy, 712 F.2d 372, 374 (8th Cir. 1983). We also conclude the district court did not abuse its discretion in denying Williams appointed counsel in this civil case. See Phillips v. Jasper Cty. Jail, 437 F.3d 791, 794 (8th Cir. 2006) (standard of review).

The judgment of the district court is affirmed. See 8th Cir. R. 47B.

_____