# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1916
_____

Charles L. Burgett

*Plaintiff - Appellant,*

v.

The General Store No Two Inc., doing business as Marsh's Sunfresh Market;
W.S.C. Services, Inc.; Andrei Florea, in his official capacity as an employee of
W.S.C. Services, Inc., and agent of Marsh's Sunfresh Market, and in his individual
capacity; Thomas Bethel, in his official capacity as a police officer, and in his
individual capacity; Terry Grimmett, in his official capacity as a police officer, and
in his individual capacity; Matthew Payne, in his official capacity as a police
officer, and in his individual capacity

*Defendants - Appellees.*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: March 8, 2018
Filed: March 23, 2018
[Unpublished]

_____

Before WOLLMAN, LOKEN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Charles Burgett appeals a judgment of the district court[1] dismissing his civil rights action as a sanction under Federal Rules of Civil Procedure 37(b)(2) and 41(b) for violating court orders. We affirm.

Burgett brought this action under 42 U.S.C. § 1983, raising claims relating to his arrest following an altercation with a security guard at a grocery store. He sued six defendants: three police officers; the security guard and his employer, W.S.C. Services, Inc. (collectively referred to as WSC); and the grocery store where the incident occurred, The General Store No. Two, Inc., d/b/a Marsh's Sunfresh Market (Sunfresh). After months of contentious discovery, WSC and Sunfresh moved to dismiss the action with prejudice under Rules 37(b)(2) and 41(b), arguing that Burgett had willfully violated discovery orders. The police officers moved to dismiss the action with prejudice under Rule 41(b).

The district court granted the motions to dismiss, finding that Burgett had disobeyed the following orders: an October 4, 2016 order requiring Burgett to attend a discovery-dispute hearing; an October 25 order requiring Burgett to answer WSC's and Sunfresh's interrogatories and to provide authorizations they had requested; an oral order of October 26 that directed the parties to confer as to the date and time of the continued deposition of Burgett; and orders entered on November 2 and November 8 requiring Burgett to appear at the continued deposition. The court concluded that Burgett "willfully and in bad faith" disobeyed these orders despite repeated warnings that failure to comply could result in dismissal; that he showed no indication he was willing to comply with discovery orders; that all defendants were prejudiced; and that lesser sanctions would not be effective in compelling his

---

[1]The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri.

compliance with the court's orders. The court later denied Burgett's motion for reconsideration under Rule 59(e). We review the district court's ultimate rulings for abuse of discretion, and we review underlying factual findings on willfulness and prejudice for clear error. *See Comstock v. UPS Ground Freight, Inc.*, 775 F.3d 990, 992 (8th Cir. 2014); *Smith v. Gold Dust Casino*, 526 F.3d 402, 404 (8th Cir. 2008).

We conclude that the district court did not abuse its discretion in dismissing the action against WSC and Sunfresh under Rule 37(b)(2) and Rule 41(b). Dismissal under Rule 37 is permitted only where there is an order compelling discovery, a willful violation of the order, and prejudice. *Comstock*, 775 F.3d at 992. If the violation is willful and in bad faith, then the appropriateness of dismissal as a sanction is "entrusted to the sound discretion of the district court." *Avionic Co. v. Gen. Dynamics Corp.*, 957 F.2d 555, 558 (8th Cir. 1992). Under Rule 41(b), the focus is foremost on the egregiousness of the plaintiff's conduct, and only to a lesser extent on the prejudice to the defendant or the administration of justice in the district court. *See Doe v. Cassel*, 403 F.3d 986, 990 (8th Cir. 2005) (per curiam). "An action may be dismissed pursuant to Rule 41(b) if a plaintiff has failed to comply with any order of the court." *Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994).

We see no clear error in the findings Burgett violated the several orders willfully and in bad faith, and that WSC and Sunfresh were prejudiced by the denial of information and process to which they were entitled. As to one of the orders cited by the district court, Burgett observes that neither the docket nor his deposition transcript reflects an order entered on October 26. It appears, however, that the court was referring to its statement on October 26 that the parties "are all free to get together like a discovery dispute" if they needed more time to complete Burgett's deposition. Given that the parties followed that direction by arranging a date and time for the continued deposition, and that Burgett then failed to appear on the specified date, it was not an abuse of discretion for the court to consider that circumstance when imposing the sanction. In any event, the court also cited Burgett's

noncompliance with four other discovery orders as to these defendants, and that conduct was sufficient to justify the sanction.

We reject the various justifications Burgett advances for his noncompliance. Burgett offers three reasons for failing to comply with the district court's October 4 order requiring him to attend the discovery-dispute hearing:  the court entered the order at the request of WSC counsel Brooke Blake before Blake had entered an appearance in the case; Burgett received notice of the hearing only on the day the hearing was held; and the court reporter did not upload a copy of the hearing transcript to the docket until May 26, 2017.  Only Burgett's assertion that he did not receive adequate notice might excuse his failure to attend the hearing, but Burgett did receive notice.  The district court entered the order on the docket on October 4, a week before the hearing on October 11, and sent the order to Burgett by postal mail. R. 55.  Defense counsel also e-mailed, called, and left messages for Burgett on October 3 and October 4.  R. Doc. 91-4, 91-5, 91-6, 91-7.  Burgett had agreed at the August 30 scheduling conference to communicate with defense counsel via e-mail, R. Doc. 53, at 28, and later agreed on the record at the October 24 discovery-dispute hearing that "email is fine" as a means of communication.  R. Doc. 137, at 48.  In light of these communications, Burgett had no valid excuse for failing to comply with the district court's October 4 order.

As to the district court's October 25 order regarding WSC's and Sunfresh's interrogatories and requests for authorizations, Burgett contends that the district court abused its discretion by ordering Burgett to provide irrelevant or overly burdensome information, and that he was therefore excused from following the order.  The order, however, did not compel Burgett to provide information beyond the scope of discovery permitted by the 2015 amendments to Federal Rule of Civil Procedure 26(b)(1).  The discovery sought nonprivileged information "relevant to any party's . . . defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).

-4-

Defendants' interrogatories seeking Burgett's residential addresses and list of employers, along with a request for authorization to view his employment records, are relevant as general background information allowing defendants to fully investigate their defense. Burgett concedes that the request for authorization to view the Missouri Circuit Court records regarding the arrest at issue is relevant to his claim, and it is not overly burdensome. Burgett does not dispute that Defendants' request for authorization to review his Medicare and Medicaid records is relevant; he complains only that he never received government benefits and that he is therefore unable to sign the authorization. Even assuming that Burgett did not receive benefits, however, it was not unduly burdensome to require a simple authorization so that defendants could verify his claim. Defendants' request for authorization to obtain Burgett's medical records from after his arrest is relevant to Burgett's claim of physical injury and is not overly burdensome. Burgett contends that he was unable to sign the authorization because he received no medical treatment following his arrest. But even if Burgett received no treatment, it was again not overly burdensome to require Burgett to sign the authorization form in blank, so that his claim could be verified. Especially where the district court's order was justified under Rule 26(b)(1), Burgett was not free to disregard the order simply because he disagreed with it.

Burgett also proffers a series of justifications for his failure to attend the continued deposition in violation of the district court's orders of November 2 and November 8. He asserts that the defendants did not obtain leave from the court to notice a continued deposition, but the district court did grant leave at the original deposition on October 26 and in its November 2 and November 8 orders. Burgett then alleges several facts that do not excuse him from attending the continued deposition, including that he was not at fault for any delay in his original deposition, that the district court improperly rescheduled the continued deposition *ex parte*, that he was unavailable on the new date of November 10, and that he thought there was pending a motion to quash the continued deposition. The district court's orders of November 2 and November 8 put Burgett on notice that he was required to attend the

continued deposition unless and until the district court ordered otherwise. Any objections that Burgett had to those orders did not excuse his failure to comply.

We further conclude that the district court did not abuse its discretion by dismissing the action against the police officers. Burgett argues that the officers were not prejudiced by his failure to appear at the continued deposition, because they had completed their examination at the first deposition, and they had no interest in whether Burgett answered discovery requests from WSC and Sunfresh. Under Rule 41(b), however, the district court properly could focus primarily on the egregiousness of the plaintiff's conduct. *See Doe*, 403 F.3d at 990. The district court, moreover, did find that *all* defendants were prejudiced by Burgett's noncompliance, presumably because the police officers could benefit from discovery provided to the other defendants without making duplicate requests of Burgett. This finding was not clearly erroneous, and the dismissal was not an abuse of discretion under the rules.

Finally, we conclude the district court did not abuse its discretion in denying Burgett's post-judgment motion because he failed to identify any ground for relief under Rule 59(e). *See generally United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006).

The judgment of the district court is affirmed.

_____