# United States Court of Appeals

## For the Eighth Circuit

_____

No. 18-1957

_____

Henry Akins

*Plaintiff - Appellant*

v.

Southern Glazer's Wine and Spirits of Arkansas LLC, Originally named as Glazers Distributors of Arkansas

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: August 14, 2019
Filed: August 29, 2019
[Unpublished]

_____

Before BENTON, SHEPHERD, and KELLY, Circuit Judges.

_____

PER CURIAM.

Henry Akins appeals after the district court dismissed with prejudice his employment discrimination complaint as a sanction for not obeying a discovery order under Federal Rule of Civil Procedure 37(b)(2)(A). Having jurisdiction under 28 U.S.C. § 1291, this court reverses and remands.

Akins filed a pro se employment discrimination complaint against his former employer, Southern Glazer's Wine and Spirits of Arkansas LLC. Throughout the proceedings, there were several discovery disputes, including Akins's (alleged) failure to appear for a scheduled deposition. Opposing counsel told Akins, incorrectly, that depositions could only be conducted between 9 a.m. and 5 p.m. Akins requested that his deposition be scheduled over two days between 2 and 5 p.m. to accommodate his work schedule. The district court ordered him to appear for his deposition over two days, warning that if he failed to appear, the case would be dismissed. Southern's notice of deposition stated that the deposition would begin at 2 p.m. each day, but did not state an ending time. On the first day, the deposition adjourned prior to 5 p.m. On the second day, Akins left the deposition at 5 p.m. to go to work, despite opposing counsel's statement that she had an additional 15 minutes of questioning. The district court ruled that although Akins attended the deposition, he refused to complete it, and concluded that dismissal under Rule 37(b)(2)(A) was the only appropriate sanction.

Rule 37 authorizes dismissal as a sanction if there is (1) an order compelling discovery, (2) willful violation of that order, and (3) prejudice. Before dismissing a case as a discovery sanction, the court must investigate whether less extreme sanctions would suffice, unless the failure was deliberate or in bad faith. *Fed. R. Civ. P. 37*. Dismissals are reviewed for an abuse of discretion. *Comstock v. UPS Ground Freight, Inc.*, 775 F.3d 990, 992 (8th Cir. 2014). Factual findings of willful or intentional failure to comply with a court order are reviewed for clear error. *Smith v. Gold Dust Casino*, 526 F.3d 402, 404 (8th Cir. 2008).

Akins did not violate the "fails to appear" discovery order, nor did he act in bad faith. He appeared for his deposition both days at the ordered time, and was deposed for nearly six hours over the two days. Both the discovery order and notice of deposition were silent about when the deposition would end. Akins had reason to believe the deposition would end at 5:00 because Southern's counsel erroneously told

him depositions must occur between 9 a.m. and 5 p.m., and he requested that his deposition be scheduled between 2 and 5 p.m. each day. Southern did not identify the additional questions counsel would ask if the deposition continued past 5 p.m. so Southern did not demonstrate prejudice. This court concludes that the dismissal of Akins's complaint was an abuse of discretion because his conduct did not violate the district court's discovery order, and the court erred when it failed to consider sanctions less severe than dismissal with prejudice.

The dismissal of Akins's complaint is reversed, and the case remanded for further proceedings.

———————————————