# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-1419

_____

Yashica Peaster

*Plaintiff - Appellant*

v.

Spinnaker Insurance Company

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central

_____

Submitted: December 13, 2023
Filed: February 8, 2024
[Unpublished]

_____

Before SMITH, Chief Judge, GRUENDER and GRASZ, Circuit Judges.

_____

PER CURIAM.

Yashica Peaster appeals after the district court[1] dismissed her complaint as a discovery sanction and for failure to follow the court's orders. We review the district court's decision for abuse of discretion and its underlying factual findings for clear

_____

[1]The Honorable Lee P. Rudofsky, United States District Judge for the Eastern District of Arkansas.

error. *See Comstock v. UPS Ground Freight, Inc.*, 775 F.3d 990, 992 (8th Cir. 2014); *Smith v. Gold Dust Casino*, 526 F.3d 402, 404 (8th Cir. 2008).

"[I]f a party . . . fails to obey an order to provide or permit discovery . . . the court . . . may issue further just orders," such as an order "dismissing the action." Fed. R. Civ. P. 37(b)(2)(A)(v). Dismissal under Rule 37 is permitted only where there is an order compelling discovery, a willful violation of that order, and prejudice. *See Comstock*, 775 F.3d at 992. If the violation is willful and in bad faith, then the appropriateness of dismissal as a sanction is "entrusted to the sound discretion of the district court." *Avionic Co. v. Gen. Dynamics Corp.*, 957 F.2d 555, 558 (8th Cir. 1992).

"If the plaintiff fails to prosecute or to comply with these rules or a court order," a district court may dismiss the action on motion, Fed. R. Civ. P. 41(b), or on its own initiative, *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962). Under Rule 41(b), the foremost focus is on the egregiousness of the plaintiff's conduct and only to a lesser extent on the prejudice to the defendant or the administration of justice in the district court. *See Doe v. Cassel*, 403 F.3d 986, 990 (8th Cir. 2005) (per curiam). "An action may be dismissed pursuant to Rule 41(b) if a plaintiff has failed to comply with any order of the court." *Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994).

Peaster argues that the district court abused its discretion in dismissing her complaint with prejudice as a discovery sanction. After many months of extensions, the district court ordered that Peaster provide "full and complete answers" to Spinnaker's interrogatories and requests for production. Peaster purported to comply, but the district court found Peaster's putative compliance woefully deficient. In a detailed order, the district court painstakingly explained why Peaster's responses were not "full and complete." Even Peaster's counsel admitted that many responses were "copout[s]" and "oversight[s]." Despite counsel's candid admissions and ample opportunity to cure the deficiencies, no attempt was made to do so. The district court also articulated why Peaster's actions prejudiced Spinnaker:

"As a direct result of Ms. Peaster's actions (or lack thereof), Spinnaker has had to spend additional resources granting extensions, filing motions, and appearing before the Court." We see no clear error in the findings that Peaster violated the discovery order, that she did so willfully and in bad faith, and that Spinnaker was prejudiced by the denial of information to which it was entitled. *See Comstock*, 775 F.3d at 992. The district court did not abuse its discretion when it dismissed Peaster's complaint with prejudice as a discovery sanction.

Peaster also argues that the district court abused its discretion in dismissing her complaint with prejudice for failure to follow the court's orders. The district court did not clearly err in finding that Peaster did not submit full and complete responses to many of Spinnaker's interrogatories and requests for production, that she did not appear for a hearing to address these discovery issues, and that she failed to submit an affidavit explaining her failure to appear. *See Aziz*, 34 F.3d at 589. The district court offered Peaster numerous opportunities to cure these failings, yet Peaster never did so. Her failure to correct course buttresses the district court's finding that Peaster "consistently and willfully failed to prosecute her claim." *See Sterling v. United States*, 985 F.2d 411, 412 (8th Cir. 1993) (per curiam) (explaining that, under Rule 41(b), a complaint "should be dismissed with prejudice only where the plaintiff has intentionally delayed the action or where the plaintiff has consistently and willfully failed to prosecute his claim" (citation omitted)). The district court likewise did not abuse its discretion when it dismissed Peaster's complaint with prejudice for failure to follow the court's orders.

Affirmed. *See* 8th Cir. R. 47B.

_____